# Markle et ux., *v.* Pittsburgh Railways Company, Appellant.

*Negligence—Street railways—Passenger—Tripping on platform —Act of conductor—Evidence—Nonsuit.*

In an action against a street railway company to recover damages for personal injuries alleged to have been suffered by a passenger by reason of the negligent act of the conductor of one of defendant's cars in tripping her with his foot when she was about to leave the car, a nonsuit should be granted where the evidence went no further than to show that plaintiff had tripped over the conductor's foot, without explaining how the accident happened, or establishing any negligence on the part of the conductor.

Argued October 22, 1912. Appeals, Nos. 26 and 27, Oct. T., 1912, by defendant, from judgment of C. P., No. 3, Allegheny Co., May T., 1909, No. 866, on verdict for plaintiff in case of Henry Markle and Lida M. Markle, his wife, v. Pittsburgh Railways Company. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCH-ZISKER, JJ. Reversed.

Trespass to recover damages for personal injuries.
Before KENNEDY, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for the plaintiff, Lida M. Markle for $2,100, and Henry Markle for $1,500. Defendant appealed.

*Errors assigned* were various instructions to the jury.

*William A. Challener,* with him *Clarence Burleigh,* for appellant.

*Walter P. Rainbow,* with him *Thos. M.* and *Rody P.* *Marshall,* for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, January 6, 1913:

This was an action of trespass brought by Henry Markle and Lida M. Markle, his wife, to recover damages for personal injuries alleged to have been suffered by the latter as a result of the negligence of the defendant company.

On February 20, 1909, at about 9 p. m., Mrs. Markle was a passenger on a trolley car of the defendant company. When the car came to a standstill she proceeded to the platform in order to alight, and in so doing her foot came in contact with the conductor's and she fell to the street. The jury brought in verdicts for the plaintiffs and the court entered judgments thereon. The defendant has appealed, and assigns for error, inter alia, the charge to the jury including the refusal of binding instructions for the defendant.

The plaintiffs aver as the defendant's act of negligence, that Mrs. Markle's injuries were caused by the conductor "leaning against the rear end of said car with his feet in or near the center part of the platform, near the steps"; and that "the conductor......negligently tripped her by putting his foot against her right leg or ankle." It is the duty of one claiming to recover under circumstances such as are here relied upon, to prove the material allegations of his statement of claim, and the testimony depended upon for that purpose is set forth in the paper book of the appellees, wherein it is stated: "In reviewing the testimony in this case, it will be seen that the evidence of negligence upon the part of the appellant was that of the appellee, Mrs. Markle, as follows: 'Q. Tell the jury how you were getting off the car? A. I heard someone speak to the

conductor, and in looking down—I had my muff and parcels on this arm—and just as I was about to step off he turned around, and took my right foot from under. Q. Who turned around? A. The conductor. Q. How did he take your foot from under you? A. Just as he turned, his right foot just took my right foot from under me. Q. How did you know that it was the foot of the conductor that you tripped over? A. I saw it. Q. You saw it? A. Yes, sir; and felt it also. Q. Was the conductor's foot raised off the platform into the air or was the foot still on the platform? A. It was off because I felt it around my feet, around the lower part of my ankle.' "

After considering the above and all the other evidence in the case we fail to see how any reasonable mind can justifiably come to the conclusion that the plaintiff's allegation that the conductor negligently tripped her has been sustained, or how it can reasonably be said that any negligence on the part of the conductor has been proved. At the most, it merely appears that the conductor in the performance of his duties turned, and in so doing his right foot came in contact with Mrs. Markle's right foot, at which moment she fell. The plaintiff, Mrs. Markle, was given every opportunity to explain all that she knew of the circumstances surrounding her fall. The platform of the car was crowded, and other passengers getting off both preceded and followed her, several of whom were called as witnesses; but none of them shed any clear light upon the accident. The testimony of one of these witnesses suggests that Mrs. Markle may have had a fainting spell, and another that her ankle may have turned, but however this may be, the plaintiffs failed to prove any negligence against the defendant; there was not sufficient evidence to send the case to the jury; and this being so, further discussion becomes unnecessary.

The judgments for the plaintiffs are reversed and judgment is here entered for the defendant.